**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-4284**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GREGORY JOHNSON, a/k/a Little Greg,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of Maryland, at Baltimore. Peter J. Messitte, District Judge. (8:02-cr-00178-PJM)

———————

Submitted: January 10, 2007          Decided: March 1, 2007

———————

Before WIDENER and MOTZ, Circuit Judges, and Glen E. CONRAD, United States District Judge for the Western District of Virginia, sitting by designation.

———————

Affirmed by unpublished per curiam opinion.

———————

Timothy J. Sullivan, SULLIVAN & SULLIVAN, College Park, Maryland, for Appellant. Deborah A. Johnston, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This case is before the court after resentencing on remand. In our prior decision, we affirmed Gregory Anthony Johnson's convictions of one count of kidnaping, in violation of 18 U.S.C. §§ 1201(a)(1), 2 (2000), one count of attempting to kill a witness, in violation of 18 U.S.C. §§ 1512(a)(1)(C), 2 (2000); and two counts of using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c), 2 (2000). We also rejected Johnson's arguments that the district court's order of restitution was improper, but vacated his sentence and remanded for resentencing under an advisory Guideline[*] scheme pursuant to <u>United States v. Booker</u>, 543 U.S. 220 (2005). <u>United States v. Johnson</u>, 400 F.3d 187 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 134 (2005).

On remand, the district court utilized the same Guideline calculations that were applied in Johnson's initial sentencing, without objection. The total offense level of forty-one and Johnson's criminal history category of I yielded a sentencing range of 324 to 405 months on the kidnaping and witness tampering counts. The firearm counts were subject to statutory minimum consecutive sentences of seven and twenty-five years. At the resentencing hearing the district court heard argument from counsel and a statement by Johnson, discussed its consideration of the factors in

---

[*]<u>U.S. Sentencing Guidelines Manual</u> (USSG) (2002).

18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006), and sentenced Johnson to 405 months of imprisonment on the kidnaping count, twenty years concurrent on the witness tampering count, seven years consecutive on the first § 924(c) count, and twenty-five years consecutive on the second § 924(c) count, for a total of 789 months of imprisonment. The district court also ordered restitution in amounts identical to the original judgment, and ordered that the restitution be paid in monthly installments of $25. Johnson timely appealed.

On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he states there are no meritorious issues for appeal, but questions whether the district court erred in permitting Johnson to be tried and sentenced on an indictment that did not allege specific violations of § 924(c)(1)(C), and whether the district court exceeded its authority on remand by imposing a payment schedule for the restitution. In a pro se supplemental brief, Johnson asserts that the district court violated his Fifth Amendment rights by converting generic § 924(c) convictions into § 924(c)(1)(C) offenses by a preponderance of the evidence in violation of Booker, that the court erred in finding separate uses of a firearm and consequently imposing consecutive sentences, and that the district court erred in calculating the Guideline range because the imposition of an enhancement under USSG § 2A3.1(b)(1) amounted to

double counting in light of the sentences on the § 924(c) convictions. The Government declined to file a brief.

Because Johnson did not challenge the validity of the indictment or his § 924(c) convictions or sentences in the first appeal, the mandate rule precludes him from asserting these challenges at this point. United States v. Bell, 5 F.3d 64, 66-67 (4th Cir. 1993). Johnson does not assert any of the exceptions to the mandate rule, but relies on the principles of Booker to argue error related to his § 924(c) sentences. Even if we consider his arguments, Johnson is not entitled to any relief. This court has held that the mandatory consecutive sentencing scheme established in § 924(c) for multiple convictions under the statute was not affected by Booker. United States v. Robinson, 404 F.3d 850, 862 (4th Cir.), cert. denied, 126 S. Ct. 288 (2005), and 126 S. Ct. 469 (2005). Nor did the district court engage in impermissible fact-finding to impose separate consecutive sentences under § 924(c), as the two § 924(c) counts in the indictment clearly charged separate incidents, and the jury's verdict thus supported the enhanced sentence mandated by § 924(c)(1)(C) for a second conviction. Deal v. United States, 508 U.S. 129, 133 (1993). Finally, this court has concluded that the sentencing enhancements under § 924(c)(1)(C) for successive § 924(c) convictions fall within the prior convictions exception to the rule announced in Apprendi v. New Jersey, 530 U.S. 466 (2000), and thus are not required to be

- 4 -

alleged in the indictment or submitted to the jury. United States v. Cristobal, 293 F.3d 134, 146-47 & n.20 (4th Cir. 2002).

Counsel next suggests that the district court erred in imposing a restitution payment schedule because no payment schedule was imposed in the original restitution order and the restitution order was affirmed on appeal. We conclude that this argument is without merit. The statute that prescribes the administrative details of restitution requires the district court to specify a payment schedule in the restitution order. 18 U.S.C. § 3664(f)(2) (2000). The district court erred in failing to include a payment schedule in the original restitution order, but our mandate in Johnson's prior appeal did not preclude the district court from imposing a payment schedule in the amended judgment on remand.

We have considered the issues raised in Johnson's pro se brief and find them to be without merit. In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Johnson's sentence. This court requires that counsel inform Johnson, in writing, of the right to petition the Supreme Court of the United States for further review. If Johnson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Johnson. We dispense with oral argument

- 5 -

because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED